IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

JAMIE WRIGHT                                                                                            PLAINTIFF

vs.                                       Civil No. 6:20-cv-06039

COMMISSIONER, SOCIAL                                                                          DEFENDANT
SECURITY ADMINISTRATION

**MEMORANDUM OPINION**

Jamie Wright ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying his application for a period of disability, Social Security Income ("SSI"), and Disability Insurance Benefits ("DIB") under Titles II and XVI of the Act.

The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 7.[1] Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

1.  **Background:**

Plaintiff protectively filed his disability applications on July 6, 2017. (Tr. 12, 85, 100). In these applications, Plaintiff alleges being disabled due to back problems (arthritis), spinal stenosis, nerve damage in legs and back, and "[sciatic] nerve issues." (Tr. 12, 17, 85-86, 100-101, 232-245,

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ___" The transcript pages for this case are referenced by the designation "Tr" and refer to the document filed at ECF No. 15. These references are to the page number of the transcript itself not the ECF page number.

1

261). Plaintiff alleges an onset date of April 16, 2016. (Tr. 12). These applications were denied initially and again upon reconsideration. (Tr. 157-163, 167-171).

On April 9, 2018, Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). (Tr. 172-173). After the administrative hearing, the ALJ entered a fully unfavorable decision denying Plaintiff's applications. (Tr. 9-24). The ALJ determined Plaintiff met the insured status requirements of the Act through December 31, 2018. (Tr. 14, Finding 1). The ALJ also determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since April 16, 2016, his alleged onset date. (Tr. 14, Finding 2).

The ALJ then determined Plaintiff had the following severe impairments: lumbar spine degenerative disc disease status post laminectomy; osteoarthritis; atrial fibrillation; hypertension; obstructive sleep apnea; and obesity. (Tr. 14, Finding 3). Despite being severe, the ALJ also determined Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 CFR Part 404 Subpart P, Appendix 1. (Tr. 15, Finding 4).

In his decision, the ALJ evaluated Plaintiff's subjective complaints and determined his Residual Functional Capacity ("RFC"). (Tr. 16-21, Finding 5). Specifically, the ALJ found Plaintiff retained the following RFC:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except the claimant can never climb ladders, ropes, or scaffolds. The claimant can no more than occasionally climb ramps and stairs, balance, stoop, kneel, crouch, and crawl. The claimant must avoid all exposure to hazards and temperature extremes of heat and cold. The claimant must avoid concentrated exposure to fumes, odors, or gases.

(Tr. 16, Finding 5).

The ALJ found Plaintiff was thirty-six years old (36) which is defined as a younger individual under 20 C.F.R. § 404.1563(c) (2008) and 20 C.F.R. § 416.963(c) (2008). (Tr. 21, Finding 7). The ALJ determined Plaintiff had a high school education and was able to communicate in English. (Tr. 21, Finding 8). The ALJ then considered whether Plaintiff retained the capacity to perform other work existing in significant numbers in the national economy. (Tr. 22, Finding 10). Plaintiff and the Vocational Expert ("VE") testified at the administrative hearing regarding this issue. (Tr. 38-60). Based upon the VE's testimony, the ALJ determined Plaintiff retained the capacity to perform the requirement of representative occupations such as a food and beverage order clerk with 50,000 jobs nationally and as a call out operator with 40,000 jobs nationally. (Tr. 22, Finding 10). Because Plaintiff retained the capacity to perform this other work, the ALJ determined Plaintiff had not been under a disability, as defined by the Act, from April 16, 2016, or through March 29, 2019, the date of his decision. (Tr. 23-24, Finding 11).

Plaintiff requested the Appeal's Councils review of the unfavorable disability determination. On February 8, 2020, the Appeals Council declined to review the ALJ's disability determination. (Tr. 2-6). On April 1, 2020, Plaintiff filed the present appeal. ECF No. 1. The parties consented to the jurisdiction of this Court on April 1, 2020. ECF No. 5. Both parties have filed their appeal briefs and this matter is now ripe for consideration. ECF Nos. 17, 18.

**2.**      **Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2010); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001).

As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents his or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his

or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

3.  **Discussion:**

In his appeal brief, Plaintiff raises the following two arguments for reversal: (1) the ALJ erred in finding Plaintiff's impairments did not meet or equal a Listing; and (2) the ALJ erred in evaluating Plaintiff's subjective complaints. ECF No. 17. The Court will address both issues.

   A. **Listing 1.04**

To qualify for disability benefits at step three, a claimant must establish that his impairment meets or equals a listing. *Johnson v. Barnhart*, 390 F.3d 1067, 1070 (8th Cir. 2004). Additionally, to meet or equal a listing, Plaintiff must prove he meets all of the specific criteria. *See Marciniak v. Shalala*, 49 F.3d 1350, 1353 (8th Cir. 1995).

Listing 1.04 requires evidence of disorders of the spine (e.g., herniated nucleus pulposus, spinal arachnoiditis, spinal stenosis, osteoarthritis, degenerative disc disease, facet arthritis, vertebral fracture), resulting in compromise of a nerve root (including the cauda equina) or the spinal cord WITH:

   A. Evidence of nerve root compression characterized by neuro-anatomic distribution of pain, limitation of motion of the spine, motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflex loss and, if there is involvement of the lower back, positive straight-leg raising test (sitting and supine);

   or

   B. Spinal arachnoiditis, confirmed by an operative note or pathology report of tissue biopsy, or by appropriate medically acceptable imaging, manifested by severe burning

> or painful dysesthesia, resulting in the need for changes in position or posture more than once every 2 hours;
>
> or
>
> C. Lumbar spinal stenosis resulting in pseudoclaudication, established by findings on appropriate medically acceptable imaging, manifested by chronic nonradicular pain and weakness, and resulting in an inability to ambulate effectively, as defined in 1.00B2b.

20 C.F.R. pt. 404, subpt. P, app. 1 § 1.04.

Plaintiff claims the ALJ erred in failing to find Plaintiff's spinal condition did not meet or equal Listing 1.04. ECF No. 17, p. 3. The ALJ found Plaintiff's lumbar spine degenerative disc disease status post laminectomy to be a severe impairment, however, he determined this impairment did not meet or equal a listing. (Tr. 15, Finding 4.).

Plaintiff's argument relies heavily on Melanie Newman's, APRN, opinion regarding the stringent limitations Plaintiff has and her opinion Plaintiff is unable to work. ECF No. 17, p. 10-14; (Tr. 856, 869-870). The ALJ did not find Nurse Newman's opinion persuasive as he concluded it was not supported by or consistent with overall treatment records, including Plaintiff's physical examinations. (Tr. 20). Not long after Plaintiff's visit to Nurse Newman, Plaintiff presented to Arkansas Spine and Pain and had an unremarkable physical exam. (Tr. 872-874). Plaintiff exhibited normal range of motion in his cervical spine and lumbar spine. (Tr. 873-874). He had a normal gait, normal sensory functions and reflexes, normal motor functions, and was able to heel and toe walk. (Tr. 874).

Although Plaintiff clearly has limitations and serious health issues, after thoroughly reviewing the record, Plaintiff fails to demonstrate he meets the requirements of Listing 1.04. The Court finds the ALJ's determination that Plaintiff did not meet the requirement of Listing 1.04 was supported by substantial evidence.

B. **Subjective Complaints**

Plaintiff also claims the ALJ erred in assessing his subjective complaints. ECF No. 17 at 14-17. In assessing the credibility of a claimant, the ALJ is required to examine and to apply the five factors from *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) or from 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929.[2] *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). The factors to consider are as follows: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the functional restrictions. *See Polaski,* 739 at 1322.

The factors must be analyzed and considered in light of the claimant's subjective complaints of pain. *See id.* The ALJ is not required to methodically discuss each factor as long as the ALJ acknowledges and examines these factors prior to discounting the claimant's subjective complaints. *See Lowe v. Apfel,* 226 F.3d 969, 971-72 (8th Cir. 2000). As long as the ALJ properly applies these five factors and gives several valid reasons for finding that the Plaintiff's subjective complaints are not entirely credible, the ALJ's credibility determination is entitled to deference. *See id.*; *Cox v. Barnhart,* 471 F.3d 902, 907 (8th Cir. 2006). The ALJ, however, cannot discount Plaintiff's subjective complaints "solely because the objective medical evidence does not fully support them [the subjective complaints]." *Polaski,* 739 F.2d at 1322.

When discounting a claimant's complaint of pain, the ALJ must make a specific credibility determination, articulating the reasons for discrediting the testimony, addressing any

---

[2] Social Security Regulations 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929 require the analysis of two additional factors: (1) "treatment, other than medication, you receive or have received for relief of your pain or other symptoms" and (2) "any measures you use or have used to relieve your pain or symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.)." However, under *Polaski* and its progeny, the Eighth Circuit has not yet required the analysis of these additional factors. *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). Thus, this Court will not require the analysis of these additional factors in this case.

inconsistencies, and discussing the *Polaski* factors. *See Baker v. Apfel,* 159 F.3d 1140, 1144 (8th Cir. 1998). The inability to work without some pain or discomfort is not a sufficient reason to find a Plaintiff disabled within the strict definition of the Act. The issue is not the existence of pain, but whether the pain a Plaintiff experiences precludes the performance of substantial gainful activity. *See Thomas v. Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991).

In the present action, this Court finds the ALJ properly addressed and discounted Plaintiff's subjective complaints. In his opinion, the ALJ addressed the factors from *Polaski*, 20 C.F.R. § 404.1529, and 20 C.F.R. § 416.929, and stated inconsistencies between Plaintiff's testimony and the record. (Tr. 16-21). Specifically, the ALJ noted the following: (1) Absence of objective medical findings to support Plaintiff's alleged disabling pain, (2) Plaintiff's described activities of daily living inconsistent with the record, (3) Conservative medical treatment, (4) Conditions controlled by use of his medications, (5) Side effects of his medications, (7) Consideration of Plaintiffs prior work history, and (8) Consideration of observations and statements submitted by third parties. *Id.*

These findings are valid reasons supporting the ALJ's credibility determination, and this Court finds the ALJ's credibility determination is supported by substantial evidence and should be affirmed. *See Lowe,* 226 F.3d at 971-72. Accordingly, the ALJ did not err in discounting Plaintiff complaints of pain**.** Thus, the Court cannot find a basis for reversal on this issue. *See Guilliams v. Barnhart,* 393 F.3d 798, 801 (8th Cir. 2005) (recognizing that deference is warranted where the ALJ's credibility determination is supported by good reasons and substantial evidence).

**4.** **Conclusion:**

Based on the foregoing, the undersigned finds the ALJ's disability determination is supported by substantial evidence in the record and should be affirmed. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 3rd day of June 2021.**

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE